## 9210

### BOYKINS BUGGY CO. v. LIGHTSEY.

#### (86 S. E. 639.)

#### PLEADINGS. VERIFICATION. REMEDY.

1. PLEADINGS—VERIFICATION.—A complaint in action on instruments for payment of money only may be verified by plaintiff's attorney, where instruments are in his possession, and where these facts appear on tne face of the papers, it is unnecessary that the reason why the verification in such case is not made by the paintiff be stated *in totidem verbis.*

2. PLEADINGS—VERIFICATION.—Delay until December 30th to return an arswer received at office of plaintiff's attorney on the 24th of December may be excused because of the attorney's absence from his office during the holidays.

Before SEASE, J., Hampton, February, 1914. Affirmed.

Action by Boykins Buggy Company against W. Fred. Lightsey. From judgment for plaintiff by default, defendant appeals. The facts are stated in the opinion.

*Mr. B. R. Hiers,* for appellant, cites: Code Civil Proc., sec. 207; 6 S. C. 404; 5 S. E. 478.

*Messrs. J. E. Tobin* and *J. W. Manuel,* for respondent. The latter submits: *Exceptions too general:* 77 S. C. 255; 79 S. C. 120; 70 S. E. 428. *Verification:* Code Civil Proc., sec. 207; 28 S. C. 181; 27 Hun. 369; 20 Abb. N. C. 1; 13 Civ. Proc. Rep. (N. Y.) 157; 129 N. W. 1086; 145 Wis. 200; 41 S. E. 88; 77 S. E. 704.

October 16, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The complaint sets out four causes of action. The first is upon a check given to plaintiff by defendant, which was

FOOTNOTE.—As to verification by attorney, see footnote in 13 L. R. A. 268.

protested for nonpayment. The others are upon sealed notes given to plaintiff by defendant. The complaint was verified by plaintiff's attorney, who stated in the verification, in substance, that the facts alleged were true of his own knowledge so far as knowledge of them could be derived from the instruments sued on; that the allegation of paragraph 1 in each cause of action (that plaintiff is a corporation of the State of Virginia) was made upon information derived from correspondence with plaintiff, which he believed to be true, and that the other allegations in each cause of action were based upon information derived from correspondence with plaintiff and the instruments sued on, which were in his possession; and that he made the verification as attorney for the plaintiff. The defendant's attorney served an unverified answer, stating therein that it was not verified for the reason that the complaint was not properly verified as provided by statute. The answer appears to have been served by mail, and received at the office of plaintiff's attorney on December 24, 1913, the last day for the service thereof. It was returned to defendant's attorney on December 30th, on the ground that it was not verified.

Thereupon, defendant's attorney moved the Court for an order, holding that the answer served was sufficient on the ground that the complaint was not properly verified, because the verification failed to show why it was not made by the plaintiff, and on the ground that the answer had not been promptly returned. The Court refused the motion, but gave defendant leave to file a verified answer.

The complaint was sufficiently verified. Section 207 of the Code of Civil Procedure provides that the verification may be made by the attorney, if the action be founded upon a written instrument for the payment of money only and such instrument be in the possession of the attorney. It also provides that, when it is made by the attorney, he shall set forth in his affidavit his knowledge or the grounds of his belief on the subject, which was done, and the reason why it

was not made by the party. The failure to state why the verification was not made by the plaintiff *in totidem verbis* was not necessary, because it was apparent to any one of ordinary intelligence, and in fact it was stated, in substance, and by necessary implication, if not in so many words, that it was because the action was founded upon written instruments for the payment of money only which were in the attorney's possession, which gave him the right, under the provision of the Code referred to, to make the verification.

There was no error in refusing the motion on the ground that the failure to return the answer promptly was a waiver of the right to return it. Under ordinary circumstances, it should have been returned more promptly. But the record shows that it was served during the Christmas holidays, and it is inferable from the letter of plaintiff's attorney to defendant's attorney, in which it was returned, that it was received at the office of plaintiff's attorney during his absence, and, upon his return to his office after the holidays, it was immediately returned to defendant's attorney.

Appeal dismissed.